# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
John Longacre

(See Attached list of Defendants)

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jacqueline C. Romero, AUSA
U.S. Attorney's Office (E.D. Pa.)
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC12181-12189 (ADA), and 28 CFR 36.503
Brief description of cause:
Civil Action to redress discrimination on the basis of a disability by failing to remove barriers to accessibility as required by the ADA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 04/25/2016
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*  Jacqueline C. Romero, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**John Longacre**, c/o South Philadelphia Tap Room, 1509 Mifflin Street, Philadelphia, PA 19145;

**South Philadelphia Tap Room**, 1509 Mifflin Street, Philadelphia, PA 19145;

**Longacre Holdings, LLC**, 1509 Mifflin Street, Philadelphia, PA 19145;

**LPMG Management Company**, 1621 McKean Street, Philadelphia, PA 19145 and 1928 S. Bancroft Street, Philadelphia, PA 19145;

**LPMG Construction Management LLC**, 1621-23 McKean Street, Philadelphia, PA 19145;

**LPMG Financial**, 1826 Ridge Avenue, 2nd Floor, Philadelphia, PA 19130;

**Longacre Property Management Group**, 1826 Ridge Avenue, 2nd Floor, Philadelphia, PA 19130;

**Citywide Properties One, Inc.**, 1826 Ridge Avenue, 2nd Floor, Philadelphia, PA 19130

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: c/o U.S. Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106

Address of Defendant: 1509 Mifflin Street, Philadelphia, PA 19145

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*
Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jacqueline C. Romero, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 04/25/2016    Jacqueline C. Romero, AUSA
                    Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/25/2016    Jacqueline C. Romero, AUSA
                    Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | |
| JOHN LONGACRE; SOUTH PHILADELPHIA TAP ROOM; LONGACRE HOLDINGS, LLC; LPMG MANAGEMENT COMPANY; LPMG CONSTRUCTION MANAGEMENT LLC; LPMG FINANCIAL; LONGACRE PROPERTY MANAGEMENT GROUP; CITYWIDE PROPERTIES ONE, INC., | : | |
| Defendants. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.  (X)

April 25, 2016         Jacqueline C. Romero, AUSA         Plff, USA
**Date**               **Attorney-at-law**                 **Attorney for**
(215) 861-8470         (215) 861-8618                      jacqueline.romero@usdoj.gov
**Telephone**          **FAX Number**                      **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff : | CIVIL ACTION NO. |
| v. : | |
| JOHN LONGACRE; SOUTH PHILADELPHIA : TAP ROOM; LONGACRE HOLDINGS, LLC; : LPMG MANAGEMENT COMPANY; LPMG : CONSTRUCTION MANAGEMENT LLC; : LPMG FINANCIAL; LONGACRE : PROPERTY MANAGEMENT GROUP; : CITYWIDE PROPERTIES ONE, INC., : | |
| Defendants. : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| April 25, 2016 | Jacqueline C. Romero, AUSA | Plff, USA |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 861-8470 | (215) 861-8618 | jacqueline.romero@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, :<br>     :<br>            Plaintiff, :<br>     :<br>     v. : CIVIL ACTION NO.<br>     :<br>JOHN LONGACRE; SOUTH PHILADELPHIA :<br>TAP ROOM; LONGACRE HOLDINGS, LLC; :<br>LPMG MANAGEMENT COMPANY; LPMG :<br>CONSTRUCTION MANAGEMENT LLC; :<br>LPMG FINANCIAL; LONGACRE :<br>PROPERTY MANAGEMENT GROUP; :<br>CITYWIDE PROPERTIES ONE, INC., :<br>     :<br>            Defendants. :<br>_____ : | |

## COMPLAINT

Plaintiff the United States of America (the "United States"), by its attorney Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, alleges as follows:

1. This is a civil action to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 ("ADA"), and its implementing regulations, 28 C.F.R. Part 36.

2. The United States brings this civil action pursuant to Section 12188(b)(1)(B) of the ADA and 28 C.F.R. § 36.503 because the United States has reasonable cause to believe that the South Philadelphia Tap Room has discriminated against people with disabilities by failing to remove barriers to accessibility as required by the ADA.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant South Philadelphia Tap Room is a bar and restaurant located at 1509 Mifflin Street, Philadelphia, PA 19145 ("Tap Room").

5. Defendant Longacre Holdings, LLC ("Longacre Holdings") is a company also with a business address at 1509 Mifflin Street, Philadelphia, PA 19145.

6. Defendant LPMG Management Company ("LPMG Management") is a company with business addresses at 1621 McKean Street, Philadelphia, PA 19145 and 1928 S. Bancroft Street, Philadelphia, PA 19145.

7. Defendant LPMG Construction Management LLC ("LPMG Construction") is a company with a business address at 1621-23 McKean Street, Philadelphia, PA 19145.

8. Defendant LPMG Financial ("LPMG Financial") is a company with a business address at 1826 Ridge Avenue, 2nd Floor, Philadelphia, PA 19140.

9. Defendant Longacre Property Management Group ("Longacre Property Management") is a company also with a business address at 1826 Ridge Avenue, 2nd Floor, Philadelphia, PA 19130.

10. Defendant Citywide Properties One, Inc. ("Citywide") is a company also with a business address at 1826 Ridge Avenue, 2nd Floor, Philadelphia, PA 19130.

11. Upon information and belief, defendant John Longacre ("Longacre") is the President and/or Owner of the Tap Room, Longacre Holdings, LPMG Management, LPMG Construction, LPMG Financial, Longacre Property Management, and Citywide.

12. Upon information and belief, defendants Longacre, Tap Room, Longacre Holdings, LPMG Management, LPMG Construction, LPMG Financial, Longacre Property Management, and Citywide own and operate the Tap Room and the building in which the Tap Room operates at 1509 Mifflin Street, Philadelphia, PA 19145.

13. The Tap Room facility is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); *see* C.F.R. § 36.104. Defendants Longacre, Longacre Holdings, LPMG Management, LPMG Construction, LPMG Financial, Longacre Property Management, and Citywide are therefore "public accommodation[s]" within the meaning of Title III of the ADA. *See* 42 U.S.C. §§ 12181(7)(B), 12182(a); 28 C.F.R. § 36.104.

14. Upon information and belief, 1509 Mifflin Street was renovated by defendants in 2003 for its current use as the Tap Room.

15. Defendants' renovation of 1509 Mifflin Street in 2003 was an "alteration" as defined by the ADA. *See* 28 C.F.R. § 36.402(b).

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.

17. Venue lies in this District pursuant to 28 U.S.C. § 1391(b). The acts of discrimination alleged in this Complaint occurred in this District, and the Tap Room is situated in this District.

## FACTUAL ALLEGATIONS

*The Compliance Review and the Government's Attempts to Contact the Tap Room*

18. Section 12188(b)(1)(A)(i) of the ADA provides that the "Attorney General . . . shall undertake periodic reviews of compliance of covered entities under this Title."

19. On March 11, 2015, the United States Attorney's Office for the Eastern District of Pennsylvania announced an ADA compliance review of certain restaurants in this District pursuant to Section 12188(b)(1)(A)(i) of the ADA.

20. The Tap Room was one of the restaurants included in the compliance review.

21. As part of the compliance review, the United States Attorney's Office mailed survey forms concerning ADA compliance to the Tap Room on March 6, 2015. A United States Postal Service certified mail return receipt form shows that the survey was received and signed for by someone at the Tap Room address on March 9, 2015. Defendants did not respond to the survey.

22. On April 16, 2015, the United States Attorney's Office redelivered the survey and letters to the Tap Room via hand delivery. The survey and letters were received and signed for on that day by a Tap Room employee. Although the letter accompanying this delivery requested that defendants respond by April 21, 2015, defendants did not respond to the survey.

23. On May 8, 2015, an Assistant United States Attorney spoke to defendant Longacre regarding the survey and previous correspondence. Defendant Longacre requested that the Government forward the previous correspondence and survey to him via email. An email attaching the survey and the letters was sent to defendant Longacre that same day. Defendant Longacre never responded, and no representative of the Tap Room responded. Defendant Longacre also did not respond to a second email sent on June 3, 2015.

24. The United States Attorney's Office sent a letter to defendant Longacre at LPMG Management on August 18, 2015 listing some of the barriers to accessibility and informing him that defendants were required to remove the architectural barriers to access. The letter was hand delivered and signed for by an LPMG Management employee. Defendants did not respond.

25. The United States Attorney's Office sent the August 18, 2015 letter to defendant Longacre via email on September 11, 2015. Defendants did not respond.

26. As set forth more fully below, the United States Attorney's Office's has information and belief that defendants are operating the Tap Room facility in violation of the ADA.

### *The Tap Room's Barriers to Accessibility*

27. The Tap Room is a one-story restaurant with upper and ground level dining areas. The two dining area levels are connected by stairs within the restaurant.

28. Numerous architectural barriers at the Tap Room prevent or restrict access by individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A); 28 C.F.R. § 36.304.

29. Barriers to access that exist within the Tap Room include, but are not limited to, the following:

(a) The main customer entrance to the Tap Room is a corner entry facing South Hicks Street and Mifflin Street. This entrance is one step up (approximately 6 inches) from the sidewalk. There is also no signage indicating an accessible entrance to the Tap Room. *See* 1991 Standards, §§ 4.1.2(7)(c), 4.1.6(1)(h), 4.30.1, 4.30.2, 4.30.3 and 4.30.5; *see* 2010 Standards, §§ 202.3, 206, 216.6 and 703.5.

(b) The entrance door facing South Hicks Street and Mifflin Street does not provide a clear width of 32 inches minimum. *See* 2010 Standards §§ 206.4, 206.5.1, 404.2.3.

(c) The entrance door has a thumb latch which is not easy to grasp with one hand and which requires tight grasping and tight pinching contrary to §§ 4.1.3(7)

and 4.13.9 of the 1991 Standards and contrary to §§ 206.5.2, 404.2.7 and 309.4 of the 2010 Standards. Handles, pulls, latches, locks and other operable parts on doors must operate with one hand and not require tight grasping, pinching or twisting of the wrist. *See* 2010 Standards §§ 206.5.2, 404.2.7, and 309.4.

(d) The women's and men's toilet rooms lack a permanent room identification sign identifying the toilet rooms in raised characters and Braille at 48 inches minimum height next to the doors of the toilet rooms. *See* 1991 Standards §§ 4.1.3(16)(a), 4.30.1, 4.30.4, 4.30.5 and 4.30.6; *see* 2010 Standards §§ 216.2 and 703.1-703.5.

(e) The clear opening width of the entrance doors to both the women's and men's toilet rooms is less than 32 inches. *See* 1991 Standards §§ 4.1.3(7)(b), 4.13.5 and Fig. 24(a); *see* 2010 Standards §§ 206.5.2 and 404.2.3.

(f) The entry door hardware on both the men's and women's toilet room doors consists of knobs which require tight grasping, pinching, or twisting of the wrist. *See* 1991 Standards §§ 4.1.6(b) and 4.13.9; *see* 2010 Standards §§ 206.5.2, 404.2.7 and 309.4.

(g) Both the men's and women's toilet rooms lack a minimum of 60 inches deep by 18 inches wide of maneuvering clearance on the latch side of the door for a forward approach to pull open the doors. *See* 1991 Standards §§ 4.1.3(7)(b), 4.13.6 and Fig. 25(a); *see* 2010 Standards §§ 206.5.2 and 404.2.4.

(h) A minimum 60-inch diameter or a T-shaped turning space is not provided inside either of the men's or women's toilet rooms. *See* 1991 Standards

§§ 4.1.3(11), 4.22.3, 4.2.3 and Fig. 3; *see* 2010 Standards §§ 213.2, 603.2.1 and 304.

(i) The clearance around the toilet in both the women's and the men's toilet rooms is not at least 48 inches measured perpendicular from the side wall and 66 inches measured perpendicular from the rear wall. *See* 1991 Standards §§ 4.1.3(11), 4.22.3, 4.22.4, 4.16.2 and Fig. 28.

(j) The bottom edge of the reflecting surface of the mirrors in both the men's and women's toilet rooms is more than 40 inches above the finish floor. *See* 1991 Standards §§ 4.1.3(11), 4.22.6, 4.19.6 and Fig. 31; *see* 2010 Standards §§ 213.3.5 and 603.3.

(k) The hot water supply and drain pipes under the sinks in the men's and women's toilet rooms are not insulated or otherwise configured to prevent contact. *See* 1991 Standards § 4.1.3(11), 4.22.6, and 4.19.4; *see* 2010 Standards §§ 213.3.4 and 606.5.

(l) An accessible water closet with clear floor space and grab bars is not provided. *See* 1991 Standards §§ 4.1.3(11), 4.22.4, 4.16 and 4.26; *see* 2010 Standards §§ 213.3.2, 604 and 609.

(m) An accessible lavatory (sink) with front approach clear floor space is not provided. *See* 1991 Standards §§ 4.1.3(11), 4.22.4, 4.19 and Fig. 31; *see* 2010 Standards §§ 213.3.2, 305, and 606.

31. It would be readily achievable for defendants to remove some or all of the barriers to access at the Tap Room.

32. Defendants have failed to remove some or all of the barriers to access at the Tap Room.

33. To the extent that some it is not readily achievable to remove some barriers at the Tap Room, Defendants have failed to make the Tap Room facility's goods and services available through alternative methods that are readily achievable. 42 U.S.C. § 12182(2)(A)(v); 28 C.F.R. § 36.305.

34. The barriers to accessibility at the Tap Room facility cause the Tap Room facility's elements, spaces or common arears and the paths of travel to these areas to fail to be readily accessible to and usable by individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183; 28 C.F.R. §§ 36.402-406.

## CAUSE OF ACTION

35. Plaintiff repeats paragraphs 1 through 34 as if set forth fully herein. Defendants, by and through their actions and omission, have discriminated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, by:

    a. failing to remove architectural barriers to access where it is readily achievable to do so; and

    b. making alterations that are not readily accessible to and usable by individuals with disabilities.

36. Defendants' failure to remove the barriers to access constitutes unlawful discrimination against a person or group of persons that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(1)(B)(ii) and 28 C.F.R. § 36.503(b).

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment:

A.  Declaring that Defendants have violated Title III of the ADA and its implementing regulation;

B.  Ordering Defendants to remove all violations of Title III of the ADA at the Tap Room, including but not limited to, the violations set forth above;

C.  Compensating persons aggrieved, and assessing a civil penalty against Defendants in an amount authorized by 42 U.S.C. § 12188(b)(2)(C); 28 C.F.R. § 36.504(a)(3), to vindicate the public interest; and

D.  Granting such other relief as the interests of justice may require.

By: /s/ Vanita Gupta
VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

ZANE DAVID MEMEGER
United States Attorney for the
Eastern District of Pennsylvania

By: /s/ Jacqueline C. Romero
MARGARET L. HUTCHINSON
CHARLENE KELLER FULLMER
JACQUELINE C. ROMERO
JOHN T. CRUTCHLOW
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Tel: (215) 861-861-8200
Fax: (215) 861-8618

Dated: April 25, 2016